WO **JWB**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Walter C. Goedecke, ) | No. CV 06-2734-PHX-MHM (JRI) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Dr. Vinivan, et al., ) | |
| Defendants. ) | |

Plaintiff Walter C. Goedecke, confined in the Arizona State Prison Complex in Florence, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will order Defendants Vinivan and Schriro to answer Counts I - III of the Complaint and will dismiss the remaining Defendant.

**I. Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay the statutory filing fee of $350.00 for this action. The Court will assess no initial partial filing fee. 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect monthly payments of 20% of the preceding month's income credited to Plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court

**TERMPSREF**

1 each time the amount in Plaintiff's account exceeds $10.00 until the filing fee is paid in full.
2 28 U.S.C. § 1915(b)(2).

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

## III. Complaint

Plaintiff's action concerns medical care he received while incarcerated in the Arizona Department of Corrections (ADC) in Florence, Arizona. He names the following Defendants: (1) Dr. E. Vinivan; (2) ADC Director Dora Schriro; and (3) ADC Rast Medical Staff. Plaintiff seeks monetary relief in the amount of $30 million.

The following facts are alleged in Plaintiff's Complaint: Plaintiff avers that in September of 2005, while housed in ADC's Rast Unit, Dr. Vinivan examined Plaintiff and determined that he had a lump in his prostate. Consequently, Dr. Vinivan ordered additional blood testing. However, Plaintiff avers that he never learned the results of those blood tests. Plaintiff was subsequently transferred to the ADC's Santa Rita Unit in February of 2006. Plaintiff was examined by Dr. Healey in March of 2006 and was told that his prostate was enlarged. Plaintiff further avers that Dr. Healey asked him if he had undergone any blood tests. Plaintiff told him that he has had blood tests, but was unaware of the results. Plaintiff saw a urologist in August of 2006 and was informed that he has prostate cancer. Plaintiff also alleges that he wrote to ADC director Dora Schriro to explain his situation to her, and to attempt to receive some assistance in treating his cancer.

/ / /
/ / /
/ / /

TERMPSREF

- 2 -

## IV. Failure to State a Claim

### A. Medical Staff at ADC Rast Unit

To state a claim under § 1983, a plaintiff must allege (1) that the conduct about which he complains was committed by a person acting under the color of state law and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). Here, Plaintiff has named the Medical Staff at ADC's Rast Unit, but has not made any specific allegations against the unit itself. Plaintiff has named certain medical doctors, but the only doctor that Plaintiff claims injured him is Dr. Vinivan, who is already named as a Defendant in this action. As a result, the Medical Staff at ADC Rast Unit will be dismissed.[1]

## V. Claims For Which An Answer Will be Required

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'" Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). "To demonstrate that a prison official was deliberately indifferent to an inmate's serious . . . health needs, the prisoner must show that 'the official [knew] of and disregard[ed] an excessive risk to inmate health.'" Austin v. Terhune, 367 F.3d 1167, 1172 (9th Cir. 2004) (citing to Farmer v. Brennan, 511 U.S. 825, 838 (1994)). "Further, the deliberate indifference must be both 'purposeful,' and 'substantial' in nature.'" Ruvalcaba v. City of

---

[1] Alternatively, the Medical Staff at ADC's Rast Unit must be dismissed because Plaintiff has sued an arm of the State of Arizona. Under the Eleventh Amendment to the Constitution of the United States, a state or its agencies may not be sued in federal court without its consent. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). The State of Arizona and its arms, such as the Arizona Department of Corrections, also cannot be "persons" within the meaning of § 1983." Hale v. State of Arizona, 993 F.2d 1387, 1398 (9th Cir.) (*en banc*), cert. denied, 510 U.S. 946 (1993); Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1327 (9th Cir. 1991). Accordingly, the Medical Staff at ADC's Rast Unit will be dismissed.

1 Los Angeles, 167 F.3d 514, 525 (9th Cir. 1999) (internal citations omitted). "Prison officials
2 are deliberately indifferent to a prisoner' serious medical needs when they 'deny, delay, or
3 intentionally interfere with medical treatment. . . . Mere negligence in diagnosing or treating
4 a medical condition, without more, does not violate a prisoner's Eighth Amendment rights.'"
5 Lopez v. Smith, 203 F.3d 1122, 1132 (9th Cir. 2000) (citations omitted). At this stage,
6 Plaintiff has stated a cognizable claim for deliberate indifference against Dr. Vinivan and
7 Dora Schriro. They will be called to answer the Complaint.

## VI. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address 10 days before the move is effective, if practicable. See LRCiv 83.3(d). Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal.

### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must be accompanied by a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. LRCiv 5.4. The Court may strike any filing that fails to comply with these requirements.

### D. Possible Dismissal

Plaintiff is warned that failure to timely comply with every provision of this Order, including these warnings, may result in dismissal of this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)  Plaintiff's Application to Proceed *In Forma Pauperis* filed with the Complaint is **granted**.

(2)  As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed no initial partial filing fee.

(3)  Defendant the Medical Unit at the ADC Rast Unit is dismissed without prejudice.

(4)  Defendants Vinivan and Schriro must answer Counts I-III.

(5)  The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc.#1), this Order, and both summons and request for waiver forms for Defendants Vinivan and Schriro.

(6)  Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7)  If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

(8)  The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9)  The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) Personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

(b) Within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure unless otherwise ordered by the Court.

(10) A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.

(11) Defendants must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) Any answer or responsive pleading must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(13) This matter is referred to Magistrate Judge Jay R. Irwin pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 4th day of December, 2006.

_____
Mary H. Murguia
United States District Judge